IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES ANDERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 11-53-GPM |
| | ) |
| SPECIFIED CREDIT ASSOCIATION, INC., | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff James Anderson brings this action against Defendant Specified Credit Association, Inc. ("SCA"), alleging that SCA violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, in attempting to collect a debt allegedly owed by Anderson. The FDCPA provides for federal jurisdiction over claims made under the statute. *See* 15 U.S.C. § 1692k(d). Also, the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. Venue in this district is proper under 28 U.S.C. § 1391(b). Upon Anderson's request, the Clerk of Court entered default against SCA on February 25, 2011, based upon SCA's failure to answer or otherwise appear in this case. Currently this matter is before the Court on Anderson's motion for entry of a default judgment (Doc. 12). Anderson seeks a total award of $5,767.00. That amount includes: $1,750.00 in actual damages, *see* 15 U.S.C. § 1692k(a)(1); $1,000.00 in statutory damages, *see* 15 U.S.C. § 1692k(a)(2)(A); and $3,017.00 in attorneys' fees and costs, specifically, $2,617.00 in attorneys' fees, $350.00 for the filing fee for this case, and $50.00 for the cost of service of summons. *See* 15 U.S.C. § 1692k(a)(3).

Obtaining a default judgment entails two steps. First, the party seeking a default judgment must file a motion for entry of default with the clerk of a district court by demonstrating that the opposing party has failed to answer or otherwise respond to the complaint, and, second, once the clerk has entered a default, the moving party may then seek entry of a default judgment against the defaulting party. *See* Fed. R. Civ. P. 55; *Regions Bank v. R & D Dev. Corp.*, Civil No. 10-759-GPM, 2011 WL 2149086, at *2 (S.D. Ill. May 31, 2011). Rule 55 of the Federal Rules of Civil Procedure provides that the clerk may enter a judgment by default when the plaintiff's claim is for a sum certain or for a sum which can be computed with certainty and the defendant has been defaulted for failure to appear and is neither an infant nor incompetent. *See* Fed. R. Civ. P. 55(b)(1); *Capital Records, Inc. v. Mattingley*, 461 F. Supp. 2d 846, 848 (S.D. Ill. 2006). In all other cases, the party seeking a judgment by default must apply to the district judge presiding in a case for entry of a default judgment. *See* Fed. R. Civ. P. 55(b)(2). Rule 55 states, in relevant part,

> A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals – preserving any federal statutory right to a jury trial – when, to enter or effectuate judgment, it needs to:
> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the truth of any allegation by evidence; or
> (D) investigate any other matter.

Fed. R. Civ. P. 55(b)(2). Thus, to procure a default judgment under Rule 55(b)(2), a party must establish the following: (1) when and against what party the default was entered; (2) identification of the pleading as to which default was entered; (3) whether the defaulting party is an infant or

incompetent person; (4) that the defendant is not in military service and thus not protected by the Soldiers' and Sailors' Civil Relief Act of 1940, 50 App. U.S.C. § 501 *et seq*.; and (5) that notice has been served on the defaulting party, if required by Rule 55(b)(2). *See UMG Recordings, Inc. v. Stewart*, 461 F. Supp. 2d 837, 841 (S.D. Ill. 2006). In determining whether a default judgment is warranted, a court also may consider: the amount of money involved; whether the default is largely technical; whether the grounds for default are clearly established; and whether the default was caused by a good faith mistake or excusable neglect. *See* 10A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus, Federal Practice and Procedure § 2685 (3d ed. 1998 & Supp. 2010) (collecting cases).

"As a general rule, a 'default judgment establishes, as a matter of law, that defendants are liable to plaintiff as to each cause of action alleged in the complaint.'" *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983) (quoting *Breuer Elec. Mfg. Co. v. Toronado Sys. of Am., Inc.*, 687 F.2d 182, 186 (7th Cir. 1982)) (brackets omitted). Thus, "upon default, the well-pleaded allegations of a complaint relating to liability are taken as true[.]" *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989). *See also Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994) (stating that "[w]hen a default judgment is entered, facts alleged in the complaint may not be contested."). However, although upon the entry of default, the well-pleaded allegations of a complaint relating to liability are taken as true, allegations regarding the amount of damages must be proven because "[e]ven when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of damages are not deemed true." *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty. *See WMS*

*Gaming Inc. v. WPC Prods. Ltd.*, 542 F.3d 601, 607 (7th Cir. 2008). Judgment by default may not be entered without a hearing on damages unless "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007). Granting or denying default judgment is within a court's sound discretion. *See Swaim v. Moltan Co.*, 73 F.3d 711, 716 (7th Cir. 1996); *Merrill Lynch Mortgage Corp. v. Narayan*, 908 F.2d 246, 252 (7th Cir. 1990).

In this case, all of the requirements for entry of a default judgment under Rule 55(b)(2) are satisfied. The record discloses that, as discussed, a default was entered against SCA on February 25, 2011. Anderson's memorandum of points and authorities in support of his request for entry of a default judgment identifies the pleading as to which default was entered, that is, Anderson's complaint. SCA obviously is not an infant or incompetent or in military service. Finally, because SCA has never entered an appearance in this action, the notice requirement of Rule 55(b)(2) does not apply. Additionally, the amount of money involved is this action, $5,767.00, is rather small. Default was properly entered by the Clerk of Court. The grounds for the default – SCA's failure to file an answer or other responsive pleading within twenty-one days of being served with the summons and Complaint – are clearly established. Last, there is no indication that the default was caused by a good faith mistake or excusable neglect. Therefore, default judgment will be entered in Anderson's favor, and the Court takes as true the allegations of Anderson's complaint pertaining to liability. *See e360 Insight*, 500 F.3d at 602 ("A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action alleged in the complaint.").

The Court turns to the matter of damages. With respect to actual damages, Anderson seeks $1,750.00 in actual damages for emotional distress caused by SCA's improper collection efforts. Damages for emotional distress are recoverable in cases alleging a violation of the FDCPA. *See, e.g., Clodfelter v. United Processing, Inc.*, No. 08-CV-2131, 2008 WL 4225557, at **4-5 (C.D. Ill. Sept. 12, 2008); *Teng v. Metropolitan Retail Recovery Inc.*, 851 F. Supp. 61, 69 (E.D.N.Y. 1994). Anderson has furnished an affidavit attesting that he was very upset by SCA's repeated attempts to contact him, including telephone calls to his workplace, despite his requests that SCA contact him only by mail and never at his workplace, and was afraid that he would "get in trouble" with his employer if he were sued by SCA and served with process at work. Doc. 12-1 at 4 ¶ 20. The Court concludes that Anderson's requested damages for emotional distress are reasonable and in line with awards in comparable cases. *See, e.g., Chiverton v. Federal Fin. Group, Inc.*, 399 F. Supp. 2d 96, 102 (D. Conn. 2005) (awarding $5,000.00 in actual damages for an FDCPA plaintiff's emotional distress caused by a defendant's debt collection practices, which included repeated telephone calls to the plaintiff's workplace and calls directly contacting the plaintiff's supervisor despite the plaintiff's request that the calls stop, with the result that the plaintiff feared that he would lose his job or a hoped-for promotion). As to statutory damages, under the FDCPA, a debt collector who violates the statute is liable for actual damages sustained by a plaintiff and, in the case of an action by an individual, such additional damages as a court may allow, but not exceeding $1,000.00. *See* 15 U.S.C. § 1692k(a)(2)(A). The FDCPA does not require proof of actual damages as a precursor to the recovery of statutory damages. *See Keele v. Wexler*, 149 F.3d 589, 593-94 (7th Cir. 1998). In determining whether statutory damages are appropriate, a court must consider "the frequency and persistence of noncompliance by the debt collector, the nature of such

noncompliance, and the extent to which such noncompliance was intentional[.]" 15 U.S.C. § 1692k(b)(1). SCA's telephone calls and collection letters to Anderson were both frequent and persistent. Also, SCA improperly threatened Anderson with legal action and ignored Anderson's request that SCA verify the debt at issue. The Court will award Anderson $1,000.00 in statutory damages.

The Court turns finally to Anderson's request for $3,017.00 in attorneys' fees and costs, consisting of $2,617.00 in attorneys' fees, $350.00 for the filing fee for this case, and $50.00 for the cost of service of summons. Anderson has provided an itemized billing statement of his attorneys' fees and costs of suit. The FDCPA provides that "in the case of any successful action" by a plaintiff, a debt collector is liable for "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(b)(3). The United States Court of Appeals for the Seventh Circuit has held that an award of fees to a successful FDCPA plaintiff is "mandatory." *Tolentino v. Friedman*, 46 F.3d 645, 651 (7th Cir. 1995). The general rules for calculating awards of attorneys' fee under fee-shifting statutes apply to awards of such fees under the FDCPA. The starting point is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rate. *See Gastineau v. Wright*, 592 F.3d 747, 748 (7th Cir. 2010) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433-37 (1983)). If necessary, a court has the flexibility to "adjust that figure to reflect various factors including the complexity of the legal issues involved, the degree of success obtained, and the public interest advanced by the litigation." *Id*. (quoting *Schlacher v. Law Offices of Phillip J. Rotche & Assocs., P.C.*, 574 F.3d 852, 856-57 (7th Cir. 2009)). "The standard is whether the fees are reasonable in relation to the difficulty, stakes, and outcome of the case." *Connolly v. National Sch. Bus. Serv., Inc.*, 177 F.3d 593, 597 (7th Cir. 1999) (quoting

*Bankston v. Illinois*, 60 F.3d 1249, 1256 (7th Cir. 1995)). The party seeking the fee award bears the burden of proving the reasonableness of the hours worked and the hourly rates claimed. *See Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 550 (7th Cir. 1999). Unfortunately, although Anderson has comprehensively documented the hours that his attorneys have expended on this case and his costs, Anderson has not provided any information regarding his attorneys' actual billing rates for comparable work. If an attorney fails to provide evidence of his or her actual billing rates, a court may look to other evidence of the reasonableness of the attorney's hourly rates, including rates similar experienced attorneys in the community charge paying clients for similar work. *See Mathur v. Board of Trs. of S. Ill. Univ.*, 317 F.3d 738, 743 (7th Cir. 2003). The Court has reviewed the *United States Consumer Law Attorney Fee Survey Report 2010-2011* for the Midwest, available online at http://www.nclc.org/images/pdf/litigation/fee-survey-report-2010-2011.pdf. The Court also has reviewed the profiles of the attorneys representing Anderson in this case on the website of their law firm, Larry P. Smith & Associates, Ltd., available at http://www.smithlaw.us. Based on the data garnered from these sources, the Court finds that the hourly rates sought by Anderson's counsel are reasonable in light of counsel's experience litigating consumer cases and the ordinary rates charged by law firms in the vicinity of Chicago, Illinois, and that the hours spent on this matter are reasonable. Therefore, the Court will allow Anderson to recover of $2,617.00 in attorneys' fees from SCA. As noted, Anderson also claims the cost of the filing fee in this case, $350.00, and the cost of service of process on SCA, $50.00, and these are allowable costs. *See* 28 U.S.C. § 1920(1), (5); *Warner Bros. Records Inc. v. Hentz*, No. 06-cv-685-JPG, 2007 WL 2481289, at *6 (S.D. Ill. Aug. 29, 2007). Accordingly, the Court will grant Anderson's request for $3,017.00 in attorneys' fees and costs.

To conclude, Anderson's motion for default judgment (Doc. 12) is **GRANTED**. SCA is liable to Anderson for violating the FDCPA, and Anderson is **AWARDED** $1,750.00 in actual damages, $1,000.00 in statutory damages, and $3,017.00 in attorneys' fees and costs, consisting of $2,617.00 in attorneys' fees, $350.00 for the filing fee for this case, and $50.00 for the cost of service of summons. This action is **DISMISSED with prejudice**. The Clerk of Court will enter judgment in accordance with this Order.

**IT IS SO ORDERED.**

DATED: June 10, 2011

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge